COOLEY LLP
WILLIAM P. DONOVAN JR. (155881)
(wdonovan@cooley.com)
1333 Second Street, Suite 400
Santa Monica, CA 90401-4100
Telephone:   (310) 883-6400
Facsimile:    (310) 883-6500

WHITTY SOMVICHIAN (194463)
(wsomvichian@cooley.com)
NATHANIEL R. COOPER (262098)
(ncooper@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:   (415) 693-2000
Facsimile:    (415) 693-2222

Attorneys for Defendants
EBAY INC. and PAYPAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THEO CHEN, EDGAR AMIRKHANYAN, EUGENE COBB, GARY GEORGE, NAZAR PAILEVANIAN, NICOLE PITTELOUD, FILIP NOVAC, RICHARD DAME, KIM BUNCH, FRANCIS JANCIK, JOHN HAMISCH, BRENT FARRIS, NICOLE JONES, and PATRICK HYNDMAN, on behalf of themselves and on behalf of all persons in California similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EBAY INC., a foreign corporation authorized to do business and doing business in California, and PAYPAL, INC., a foreign corporation authorized to do business and doing business in California,<br><br>Defendants. | Case No.<br><br>California Superior Court<br>County of Alameda<br>Case No. RG15772122<br><br>**DEFENDANTS' EBAY INC. AND PAYPAL, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 & 1453**<br><br>Complaint Filed: May 29, 2015 |

**TO PLAINTIFFS, THE COURT AND ALL ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1453(b), defendants eBay Inc. ("eBay") and PayPal, Inc. ("PayPal") (collectively, "Defendants") hereby remove the above-captioned civil action from the Superior Court of the State of California for the County of Alameda (the "Superior Court"), where the action is now pending, to the United States District Court for the Northern District of California, Oakland Division. For the reasons set forth below, this Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332 and 1453.

**I. PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

1. On or about May 29, 2015 plaintiffs Theo Chen, Edgar Amirkhanyan, Eugene Cobb, Gary George, Nazar Pailevanian, Nicole Pitteloud, Filip Novac, Richard Dame, Kim Bunch, Francis Jancik, John Hamisch, Brent Farris, Nicole Jones and Patrick Hyndman (collectively, "Plaintiffs") filed a class action complaint in the Superior Court of the State of California for the County of Alameda, titled *Theo Chen, et al. v. eBay Inc., et al.*, Case No. RG15772122 (the "Complaint") against eBay and PayPal.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the Register of Actions obtained from the Superior Court's website. Attached hereto as **Exhibits 2 - 11** are all available documents and records in the Superior Court action, including the Complaint, which is attached as **Exhibit 3**. Defendants are not aware of any other process or pleading in the Superior Court action.

3. The parties have stipulated and agreed that Defendants were served with the Complaint and summons on June 26, 2015. *See* **Exhibit 8**. Attached hereto as **Exhibits 12 – 13** are true and correct copies of the summons, mailed to Defendants on June 24, 2015. Attached hereto as **Exhibits 14 - 15** are true and correct copies of the Notices and Acknowledgements of Receipt of the Complaint and summons, signed by Defendants on June 27, 2015.

4. This Notice of Removal is timely because it is filed within thirty days of when Plaintiffs served Defendants with the Complaint and summons. *See* 28 U.S.C. § 1446(b).

5.  Defendants will give Plaintiffs written notice of this removal as required by 28 U.S.C. § 1446(d) by serving Plaintiffs, through their counsel of record, with this Notice of Removal and all documents filed in support thereof on the date of filing of this Notice of Removal.

## II. GROUNDS FOR REMOVAL

6.  Under CAFA, a District Court has original jurisdiction over any civil action styled as a class action in which: (1) "any member of a class of plaintiffs is a citizen of a State different from any defendant": (2) the number of members of the proposed plaintiff class is not less than one hundred, in the aggregate; and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2) & (d)(5). If a putative class action is filed in State Court and meets all three requirements, it may be removed to Federal Court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[.]"). This action meets each of CAFA's requirements.

### A. The Putative Class is Not Limited to Citizens of California

7.  CAFA requires only minimal diversity, meaning that "any member of a class of plaintiffs [must be] a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

8.  eBay was, at the time the Complaint was filed, and is, at present, a corporation organized under the laws of Delaware with its principal place of business in San Jose, California. (*See* Compl. ¶ 53.) As a result, it is deemed to be a citizen of both Delaware and California. 28 U.S.C. § 1332(c)(1) ("For purposes of this sections and section 1441 of this title … a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business … .").

9.  PayPal was, at the time the Complaint was filed, and is, at present, a corporation organized under the laws of Delaware with its principal place of business in San Jose, California. (*See* Compl. ¶ 54.) As a result, it is deemed to be a citizen of both Delaware and California. 28 U.S.C. § 1332(c)(1) ("For purposes of this sections and section 1441 of this title … a corporation

1  shall be deemed to be a citizen of every State and foreign state by which it has been incorporated
2  and of the State or foreign state where it has its principal place of business … .").

3  10. Based on the allegations in the Complaint, it is unclear whether Plaintiffs (or any
4  of them) are citizens of California. Plaintiffs allege only that they are "residents" of various
5  California counties. (Compl. ¶¶ 39-52.) "That a [putative class member] may have a residential
6  address in California does not mean that person is a citizen of California." *Mondragon v. Capital*
7  *One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013) (*citing Kanter v. Warner-Lambert Co.*, 265
8  F.3d 853, 857 (9th Cir. 2001).

9  11. The putative class that Plaintiffs seek to represent is not limited to citizens of
10 California or Delaware. As stated in the Complaint, Plaintiffs bring this putative class action on
11 behalf of themselves and the class of "all residents of the State of California who are the sellers of
12 goods and services emanating from California who have or have had user agreements with
13 Defendant PayPal, Inc. and Defendant eBay, Inc. as far back as the year 2010, and who have
14 utilized and are utilizing the services provided by Defendants PayPal, Inc. and Defendant eBay,
15 Inc." (Compl. ¶ 56.) The class definition is unclear as to the applicable time frame and could
16 potentially include individuals who previously resided in California "as far back as the year
17 2010" but do not currently reside in California.

18 12. Plaintiffs' class definition does not restrict the class to California or Delaware
19 citizens and would include citizens of any state who currently reside in California or (depending
20 on the intended time frame) resided in California at any time "as far back as the year 2010."
21 Courts have held that substantially similar class definitions support the existence of minimal
22 diversity. *Mondragon*, 736 F.3d at 884 (reversing remand order because "at least some
23 purchasers who were California citizens at the time of purchase subsequently moved to other
24 states, such that they were not California citizens as of January 15, 2013."); *King v. Safeway, Inc.*,
25 C-08-0999 MMC, 2008 WL 1808545, at *1 (N.D. Cal. Apr. 22, 2008) (class defined as "[a]ll
26 persons in the State of California who purchased organic milk or milk products from Safeway. . .
27 not a class limited to California citizens"); *McMorris v. TJX Companies, Inc.*, 493 F. Supp. 2d
28 158, 161-162 (D. Mass. 2007) (reasonable probability that class of "[r]esidents of Massachusetts"

might "include foreign citizens who resided in Massachusetts" during relevant time period); *Larsen v. Pioneer Hi-Bred Intern., Inc.*, No. 4:06-cv-0077-JAJ, 2007 WL 3341698, at *5 (S.D. Iowa Nov. 9, 2007) (class of "[a]ll persons and entities *in the state of Iowa*" not limited "to only *citizens* of the State of Iowa") (emphasis in original).

13. Given the breadth of the proposed class, it is more likely than not that one of Plaintiffs and/or at least one other member of the putative class are citizens of a state other than California (where Defendants' principal places of business are located) or Delaware (Defendants' state of incorporation). *See* 28 U.S.C. § 1332(d)(2)(A).

### B. The Proposed Class Does Not Have Less Than 100 Members

14. Plaintiff alleges that "the total number of class members is at least 100,000 members . . . ." (Compl. ¶ 58.) Accordingly, CAFA's class size requirement is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

### C. The Amount in Controversy Exceeds $5 Million

15. Plaintiffs, on behalf of themselves and the putative class, seek to recover unspecified damages from Defendants for claims arising from an array of unrelated business practices. Plaintiffs assert 18 causes of action against Defendants, and apparently seek to recover, among other things, sellers' alleged lost profits and sales (Compl. ¶¶ 71, 88, 90, 91, 152, 158, 164, 185, 200), Final Value Fees paid by sellers (*id*. ¶¶ 65, 108, 121, 131), interest allegedly earned on funds held in sellers' PayPal accounts (*id*. ¶¶ 79, 90, 91), the value of allegedly "lost" listing durations (*id*. ¶ 152), fees paid by sellers for alleged "duplicate" listings (*id*. ¶ 172), allegedly "exorbitant" shipping fees charged by eBay (*id*. ¶ 192) and amounts sellers have refunded to buyers under certain circumstances (*id*. ¶ 145).

16. Without conceding the truth of the facts alleged in the Complaint, liability, appropriateness of class treatment, appropriateness of Plaintiffs' class definition, or the validity of Plaintiffs' claim for relief – all of which Defendants dispute – the amount put in controversy by Plaintiffs' Complaint is greater than $5 million.

### III. VENUE AND ASSIGNMENT

17. Removal to this judicial district and division is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because the Superior Court action was originally pending in Alameda County, which is within this judicial district.

18. However, none of the Plaintiffs in this litigation reside in Alameda County. (*See* Compl. ¶¶ 39-52.)

### IV. NOTICE TO THE SUPERIOR COURT OF SANTA CLARA COUNTY

19. Defendants will promptly file a true and correct copy of this Notice of Removal and all documents filed in support thereof with Plaintiffs and the clerk of the Superior Court of the State of California for the County of Alameda, as required by 28 U.S.C. § 1446(d).

20. Defendants reserve the right to amend and/or supplement this Notice of Removal.

Dated: July 27, 2015                    COOLEY LLP


 */s/ William P. Donovan, Jr.*
William P. Donovan, Jr.
Attorneys for Defendants
EBAY INC. and PAYPAL, INC.